UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1: 21-cv-1245

FRANCISCO JAVIER MARTINEZ,

        Plaintiff,

v.

BACK BONE BULLIES LTD.,
BROOKE SKILLO, an individual, and
GABE SKILLO, an individual

        Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Francisco Javier Martinez ("Plaintiff") worked as a kennel technician for Defendants' dog breeding facility for approximately five months. For his approximately 55 hours of work a week he was paid net about $425 per month.

2. To challenge minimum wage, overtime, and other wage-related violations, Plaintiff brings this action, by and through his attorneys, against Defendants Back Bone Bullies Ltd. and its principals Brooke and Gabe Skillo, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards ( "COMPS"). Plaintiff also brings a civil theft of services claim based on the egregious underpayments.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' facility located at 726 Spotted Pony Court, Delta Colorado 81416, and all of the Defendants named herein reside in this district.

## PARTIES

**Defendant Back Bone Bullies Ltd.**

6. Defendant **Back Bone Bullies Ltd.** is a corporation doing business within Delta County, whose principal place of business is located at 726 Spotted Pony Court, Delta, Colorado 81416.  Its registered agent is listed with the Colorado Department of State as Brooke Jane Skillo with an address of 5700 Sundown Road, Delta, CO 81416.

7. At all relevant times, Defendant Back Bone Bullies was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Back Bone Bullies is a "puppy mill." Its purpose is to breed Olde English Bulldogs and French Bulldogs for the purpose of offering them for sale to the public. Some of the "Frenchie" puppies listed for sale on their website are for $9,000 and $11,000 apiece. Adults are a bit cheaper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 2

9. On its website the company states that "Monies are NON REFUNDABLE. Except in cases of premature death, prior to the delivery of your puppy. … Backbone Bullies reserves the right to refuse to sell and/or terminate the sale of a puppy at any point in the purchase process. If Backbone Bullies terminates the purchase agreement, you will be issued a full refund through Pay Pal.  Shipping for pups twenty pounds or less costs $250-$300 depending on method of shipping. We ship by ground or air."

10. Defendant Back Bone Bullies also purchases dog food and other supplies, equipment and other necessary items to run its dog breeding facility from out of state vendors.  Further, Defendant Back Bone Bullies advertises its business to the entire world on the internet at *www.backbonebullies.com*  and  *https://www.facebook.com/backbonebullies.brookeskillo/*. Defendant Back Bone Bullies also accepts payments by credit cards and utilizes the phone and internet lines to accept and transmit payments.

11. At all relevant times, Defendant Back Bone Bullies had annual gross revenues in excess of $500,000.

12. At all times material to this action, Defendant Back Bone Bullies was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendants Gabe and Brooke Skillo**

13. Defendants Gabe and Brooke Skillo ("the Skillos") are husband and wife.

14. The Skillos reside at 726 Spotted Pony Court, Delta, Colorado  81416, Delta County, upon information and belief.

15. The Skillos own and operate Back Bone Bullies together.

16. The Skillos both actively participate in the business of the kennel operations and business.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 3

17. At all times material to this action, the Skillos both exercised substantial control over the functions of the company's employees including Plaintiff. For example, they had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

18. At all times material to this action, the Skillos were both additional "employers" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Francisco Martinez**

19. Plaintiff Francisco Martinez currently resides in Arizona.

20. Plaintiff Martinez worked for Back Bone Bullies as a kennel technician from March 7, 2019 to August 19, 2019.

21. At all times material to this action, Plaintiff Martinez was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

22. Plaintiff Martinez considered both of the Skillos to be his bosses.

23. As a kennel technician, Plaintiff's duties and responsibilities were that of caring for approximately 28 dogs by feeding and watering, cleaning after, vaccinating, and registering the dogs. He was also in charge of updating the company website with available puppies.

24. The compensation arrangement was stated to be that he would be paid a certain amount per month, minus certain deductions for rent, utilities, cell phone, and vehicle use. From March until June his rate of pay was $1,300 per month; from June 10, 2019 to the end of his employment it was $1,900. For the latter, the net amount he actually received in cash wages was $425 per month. The above was for 8 hours a day, and if he worked any time outside of that he was to be paid $11.10 per hour for the additional hours.

25. The Defendants deducted the majority of Mr. Martinez's "salary" for various expenses. Perhaps most egregiously, they charged Mr. Martinez rent in an amount significantly

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 4

"more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. § 531.3(a).

26. In addition to these regular deductions, there were also more sporadic ones. For example, on one occasion there was one for $100 for something related to water and inconvenience.

27. Plaintiff Martinez typically started work at 8:00 AM and stopped work at 7:00 PM, depending on what was needed at the time. Martinez estimates that on averaged he worked approximately 55 hours per week. More specifically, the Plaintiff estimates that from

   a. 3/7/19 - 6/17/19 he worked approximately 50 hrs per week
   b. 6/18/19 - 7/17/19 he worked approximately 65 hrs per week
   c. 7/18/19 - 8/19/19 he worked approximately 50 hrs per week

28. While working in this capacity, Plaintiff Martinez was expected to record time worked by clocking his overtime hours on an app. Defendants are or should be in possession of these time records.

29. Thus, Plaintiff Martinez was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

30. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

**Failure to Pay Time Overtime Properly**

31. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 5

hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### Failure to Pay Minimum Wage

32. For some if not all of the workweeks during which he worked for Defendants, Plaintiff was paid less than the federal minimum wage, in violation of the FLSA. Regardless of whether any credits could be offset against his minimum wages, he was still paid below the federal minimum wage of $7.25 per hour.

33. Below is the math of the above figures without taking into account any overtime premiums:

    a. $425 per month divided by 4.333 weeks/month divided by 50 hours a week is $1.96 per hour.

    b. $425 per month divided by 4.333 weeks/month divided by 65 hours a week is $1.51 per hour.

    c. $1300 per month divided by 4.333 weeks/month divided by 50 hours a week is $6.00 per hour.

    d. $1300 per month divided by 4.333 weeks/month divided by 65 hours a week is $4.62 per hour.

    e. $1900 per month divided by 4.333 weeks/month divided by 50 hours a week is $8.77 per hour.

    f. $1900 per month divided by 4.333 weeks/month divided by 65 hours a week is $6.75 per hour.

### Record-Keeping Failures

34. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 6

29 C.F.R. § 516.

***Willful & Not Based on Good Faith & Entitlement to Damages***

35. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

36. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

37. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

39. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

40. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

**Failure to Pay Minimum Wage**
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order, 7 C.C.R. § 1103-1)**

41. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 7

42. Regardless of whether any credits could be offset against his minimum wages, he was still paid below Colorado's 2020 minimum wage of $12.00 per hour, as seen above in the computed math of the effective hourly rate he received.

*Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

43. Plaintiff worked more than 40 hours at least some workweeks.

44. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

45. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

46. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

47. Defendants violated the CWA as implemented by the COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

48. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

*Improper Deductions*
**(Violation of the C.R.S. § 8-4-105)**

49. As described above, the Defendants made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 8

### *Failure to Respond to Demand for Wages*
**(Violation of the C.R.S. § 8-4-109)**

50. Plaintiff, through counsel, propounded a Colorado wage demand to Defendants, dated February 11, 2021.

51. Defendants did not tender any monies in response to this letter.

52. More than 14 days have elapsed since this letter.

53. Because of their willful failure to tender wages owed in response to this demand, Defendants are liable for all penalties set forth in C.R.S. §8-4-109.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

54. The Defendants failed to pay Plaintiff all his earned wages when due.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

55. Plaintiff has been separated from employment with Defendants.

56. Defendants have failed to pay Plaintiff all his wages and compensation earned during his employment.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

57. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

58. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 9

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

59. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a.  name, address, social security number, occupation and date of hire

    b.  date of birth, if the employee is under eighteen (18) years of age

    c.  daily record of all hours worked

    d.  record of allowable credits and declared tips

    e.  regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

60. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

***Damages***

61. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CIVIL THEFT OF SERVICES (CONVERSION)

62. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

63. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 10

wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

64. Defendants failed to pay the Plaintiff at or above the minimum wage.

65. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory damages as provided for by Colorado law; and

(D) Award Plaintiff three times the amount of his actual damages; and

(E) Award Plaintiff interest; and

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 11

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **6th** day of **May, 2021.**

                                                                       ANDERSONDODSON, P.C.

                                                                       *s/ Penn Dodson*
                                                                       **Penn A. Dodson, CO Bar #54677**
                                                                       *penn@andersondodson.com*
                                                                       (212) 961-7639
                                                                       14143 Denver West Pkwy.
                                                                       Suite 100-50
                                                                       Golden, CO 80401
                                                                       11 Broadway, Suite 615
                                                                       New York, NY  10004

                                                                       Attorney for Plaintiff

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Martinez v. Back Bone Bullies*
USDC, District of Colorado

Complaint
Page 12