IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01245-MEH

FRANCISCO JAVIER MARTINEZ,

    Plaintiff,

v.

BACK BONE BULLIES LTD,
BROOKE SKILLO, and
GABE SKILLO,

    Defendants.

---

## ORDER

---

Before the Court are Defendants' "Motion for Reconsideration" (ECF 38) and Plaintiff's "Cross-Motion for Interlocutory Appeal" (ECF 39). Plaintiff opposes Defendants' motion, but Defendants "do not oppose [Plaintiff's] motion procedurally, as they do agree that additional clarity on the issues raised herein would benefit the parties' resolution of the case." ECF 39 at 1. Although no response briefs have been filed, the Court finds that further briefing would not materially assist it in adjudicating the motions. *See* D.C.Colo.LCivR 7.1(d). For the reasons described, Plaintiff's motion is granted, and Defendants' motion is denied as moot.

## **BACKGROUND**

This case ultimately concerns a wage dispute between Plaintiff and Defendants. On September 2, 2021, Plaintiff filed the operative Amended Complaint following being granted leave from the Court to do so. ECF 22 (Am. Compl.); ECF 20 (Courtroom Minutes). Plaintiff brought two claims: (1) a claim for violation of the Fair Labor Standards Act of 1938 ("FLSA"); and (2) a state law claim for theft of wages. In response, and as also blessed by the Court, Defendants filed

a motion for summary judgment. ECF 32. They argued that a prior settlement between the parties should be enforced and Plaintiff's claims dismissed.

On March 15, 2022, this Court granted in part and denied in part that motion ("March 15, 2022 Order"). ECF 35. The Court agreed with Defendants that the scope of the release in the parties' settlement agreement covered Plaintiff's claims. *Id.* However, the Court also found that because of varied caselaw, the inquiry could not end there for Plaintiff's FLSA claim. *Id.* The Court walked through that caselaw's history (including a circuit split) on whether private settlement of FLSA claims must be approved by a court (or the Department of Labor) prior to being enforceable. *Id.* Ultimately, the Court concluded that court approval was not necessary when there was a bona fide dispute. *Id.* Without defining the contours of a bona fide dispute, the Court found the weight of authority to conclude that a bona fide dispute included representation by counsel on both sides. *Id.* Because Plaintiff was unrepresented at the time he entered into the settlement agreement, no bona fide dispute existed, and the settlement agreement was unenforceable. *Id.*

## DISCUSSION

### I. Cross-Motion for Interlocutory Appeal

The Court begins by addressing Plaintiff's motion. "Interlocutory appeals have long been disfavored in the law, and properly so. They disrupt and delay the proceedings below." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Pursuant to 28 U.S.C. § 1292(b), trial courts have the "discretion to certify an order in a civil action for interlocutory appeal if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion regarding that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *West-Helmle v. Denver Dist. Attorney's Office*, No. 19-cv-02304-

RM-STV, 2021 WL 5166981, at *1 (D. Colo. Oct. 26, 2021) (citation omitted). Although courts have such discretion, such appeals are "exceedingly rare." *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014). The Court will address each of the factors below. Because the Court finds an interlocutory appeal appropriate, the Court also will address the issue of timing and whether this case should be stayed.

### A.   Controlling Question of Law

"Under § 1292, a 'controlling question of law' is one that, if resolved differently, would entitle a party to judgment [and] obviate the need for further proceedings in the case." *Boellstorff v. State Farm Mut. Auto. Ins. Co.*, No. 05-cv-02192-MSK-CBS, 2007 WL 552247, at *2 (D. Colo. Feb. 20, 2007). Such a question is resolved "without consideration of factual circumstances[.]" *Hart v. The Boeing Co., Inc.*, No. 09-cv-00397-REB-MEH, 2010 WL 2635449, at *1 (D. Colo. June 28, 2010). Here, the material facts regarding the parties' settlement agreement are not genuinely disputed or have been resolved by the Court's March 15, 2022 Order. Instead, the Court's March 15, 2022 Order hinged on the legal question of whether private FLSA settlements need approval prior to being enforceable. Additionally, the question of what constitutes a bona fide dispute is a legal one. Moreover, the answers to these questions are controlling. As an example, a finding that private FLSA settlements are enforceable without court approval and that a party's representation does not matter for whether there is a bona fide dispute would vitiate the need for further proceedings in this case. *See Boellstorff*, 2007 WL 552247, at *2. Thus, the Court finds the first factor satisfied.

### B.   Substantial Ground for Difference of Opinion

Based on the varied caselaw, the Court also finds there is substantial ground for difference of opinion on the issue of whether private FLSA settlements require court approval to be

enforceable. There is no controlling authority in this Circuit as to that question. *Id.* at *3. As the Court described in the March 15, 2022 Order, there is even a circuit split. "The existence of a split between the federal courts [on this issue] . . . supports a conclusion that there are substantial grounds for difference of opinion in this area." *Hart*, 2010 WL 2635449, at *2. Furthermore, to the extent the Tenth Circuit agrees that court approval is not required for bona fide disputes, there are differing opinions on the exact contours of a bona fide dispute. *See* March 15, 2022 Order, ECF 35 at 24. For these reasons, the Court concludes that the second factor is also met.

      **C.**    **Material Advancement of the Ultimate Termination of the Litigation**

"'The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.'" *Kerr v. Hickenlooper*, No. 11-cv-01350-WJM-BNB, 2012 WL 4359076, at *3 (D. Colo. Sep. 21, 2012) (quoting 16 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 3930 (2d ed. 2012)). The Court already found that a decision by the Tenth Circuit on a question of law could terminate this litigation in its entirety. For instance, the Tenth Circuit could agree that private FLSA settlements need not be approved by a court to be enforceable (adopting the standard from *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)) but ultimately find that a bona fide dispute exists in this case. That would terminate this litigation in favor of Defendants. Of course, there are other possible rulings by the Tenth Circuit that would not be dispositive, "but the fact that the appeal will not be dispositive no matter how it is resolved does not seem to bear on the question of whether it *could* materially advance the litigation." *Boellstorff*, 2007 WL at 552247, at *3. The Court finds that an answer by the Tenth Circuit on the legal questions presented in the March 15, 2022 Order could materially advance this litigation to its end. "No more is required to satisfy this element of section 1292(b)." *Hart*, 2010 WL 2635449, at *2.

### D. Timing of Certification

Although Plaintiff does not address this in his motion, the Court finds that it must address the issue of timing. "Section 1292(b) provides that, if a [trial] judge is of the opinion that an interlocutory order is properly appealable, 'he shall so state in writing in such order.'" *Kerr*, 2012 WL 4359076, at *3. The Court did not so state in its March 15, 2022 Order. "However, the Tenth Circuit has made clear that a [trial] judge may instead issue a supplemental order certifying a previously issued order for appeal." *Id.* (citing *Hous. Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962)).

Accordingly, the Court hereby amends and supplements its March 15, 2022 Order to include a finding that it involves controlling questions of law as to which there are substantial grounds for differences of opinion, and an immediate appeal from the March 15, 2022 Order may materially advance the ultimate termination of the litigation. With this supplementation, the March 15, 2022 Order is now appealable. *Id.* at *4 ("'When [the trial court supplemented the original order to include the § 1292(b) statement], the order became appealable and the appeal time ran from the entry of the supplemental order.'" (quoting *Teter*, 313 F.2d at 92)).

### E. Stay

Plaintiff has not requested a stay, nor does Section 1292(b) provide for an automatic stay pending an interlocutory appeal. It does provide, though, that the trial judge can order a stay. 28 U.S.C. 1292(b). "The district court has discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal." *Kerr*, 2012 WL 4359076, at *4. In this case, given that the parties have not engaged in substantial discovery, the Court finds that it would preserve the time and resources of both the parties and the Court to stay proceedings. Should the Tenth Circuit agree to hear this interlocutory appeal, the Court may administratively close the case

pending the outcome of the appeal. *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987) (construing an administrative closure to be the practical equivalent of a stay).

## II.     Motion for Reconsideration

In light of the fact that the Court agrees with Plaintiff that "it makes more sense for the Tenth Circuit to weigh in at this point[,]" ECF 39 at 4, Defendants' motion becomes moot. Although the motion is moot, the Court notes two matters. First, Defendants did not cite the relevant legal standards for a motion for reconsideration and thus the standard by which they wished the Court to reconsider its March 15, 2022 Order. That omission could warrant denial of the motion. *See Phinisee v. U.S.*, No. 10-1253, 2012 WL 3824951, at *1 (E.D. Pa. Sep. 4, 2012). Second, even if the Court were to reconsider its March 15, 2022 Order, it would be doing so based on its analysis of caselaw. Defendants failed to cite to different cases for the Court's consideration and adequately explain why the Court's analysis was wrong based on the caselaw cited in the March 15, 2022 Order or even engage in substantive analysis with that authority. For instance, Defendants point to *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) as an example of a case (the only example they provide) in which a court approved a private settlement despite the plaintiff being unrepresented. ECF 38 at 6. Yet, the Court addressed that distinction in its March 15, 2022 Order. ECF 35 at 25 n.17. The Court explained that although the *Martin* court adopted the reasoning in *Martinez*, the *Martin* court emphasized that its holding was based, in part, on the parties being represented. *Id.* Because the Court's March 15, 2022 Order hinges on legal questions the answers to which are unlikely to be changed by revisiting the caselaw, interlocutory appeal is a better approach at this point in comparison to reconsideration.

## CONCLUSION

Accordingly, Plaintiff's "Cross-Motion for Interlocutory Appeal" [filed March 30, 2022; ECF 39] is **granted**, and Defendants' "Motion for Reconsideration" [filed March 29, 2022; ECF 38] is **denied as moot**. For the reasons described herein, the Court finds that its March 15, 2022 Order, as supplemented by this Order, is **certified** for interlocutory appeal under 28 U.S.C. § 1292(b). This action is **stayed** until either the time to file an interlocutory appeal under Section 1292(b) expires or the Tenth Circuit finally disposes of any such appeal. Consequently, the scheduling conference set for April 18, 2022 is **vacated**. The parties shall file a status report with the court every sixty (60) days from the date of this Order, informing the court as to the progress of appeal.

Dated at Denver, Colorado, this 6th day of April, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge